IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARIANNA BERMAN,
    *Plaintiff*,

v.

MID-ATLANTIC EATERIES, INC., *et al*,
    *Defendants*

Civil Action No. ABA-23-2840

**MEMORANDUM OPINION AND ORDER**

Plaintiff Arianna Berman ("Plaintiff") initiated a collective action against her former employer, Mid-Atlantic Eateries, Inc. ("Mid-Atlantic") and its general manager, Erika Kopper (collectively "Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*., ("FLSA"), and analogous state law, and breach of contract. *See* ECF No. 1 ("Compl."). Now pending before the Court is the parties' joint motion for approval of their settlement agreement. *See* ECF No. 22 ("Jt. Mot."). Because the proposed settlement terms are fair and reasonable, and resolve a *bona fide* dispute between the parties, and because the requested attorneys' fees and costs are reasonable, the motion will be granted.

**I.  BACKGROUND**

Between July 2022 and June 2023, Plaintiff worked as a non-exempt employee at the Copper Shark, Defendants' restaurant in Baltimore, Maryland. Compl ¶ 21. She filed suit against Defendants on behalf of herself and others similarly situated, alleging that Defendants withheld straight time wages, failed to pay overtime compensation, maintained a policy of recording reduced working hours, and deducted a "tip credit" against Defendants' minimum wage obligations without informing her. *Id*. ¶¶ 48-65. Based on these allegations, she asserted claims under the FLSA, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 *et*

*seq.*, the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*, the Maryland Workplace Fraud Act, Md. Code Ann., Lab. & Empl. §§ 3-901 *et seq.*, and breach of contract under common law. *See id*. Although the case was filed as a hybrid FLSA collection action and class action pursuant to Federal Rule 23, Plaintiff did not seek class certification. The parties began settlement discussions almost immediately and reached a compromise "after substantial negotiations." In July 2024, they filed the pending motion and a copy of their proposed settlement agreement. *See* ECF No. 22-1 (the "Agreement").

The gross settlement amount is $27,342.26, including attorneys' fees and costs. *Id*. ¶ 1. Under the terms of the Agreement, Defendants will pay Plaintiff $10,342.26. *Id*. ¶ 2(A)-(B). This amount reflects 1.75 times Plaintiff's alleged damages pursuant to her 29 U.S.C. § 203(m)(2)(A) claim, according to Plaintiff's counsel. ECF No. 22-2 ¶ 12. The payment will be divided equally between two checks, with all lawful tax deductions taken from one of them. *See* Agreement ¶ 2(A)-(B). Plaintiffs' counsel will receive $17,000, which includes court costs and expenses. *Id*. ¶ 2(C). The parties also request that the Court retain jurisdiction for a limited time to supervise the payments and enforce the settlement terms. Agreement ¶ 11.

The Agreement includes a release. *Id*. ¶ 4. In exchange for the agreed upon payment, Plaintiff "forever and fully releases . . . [Defendants] from any and all past and present wage related disputes . . . of any kind whatsoever," and "to execute the required documents including general release, releasing Defendant and to complete the dismissal of all claims." *Id*.

## II.   DISCUSSION

Congress enacted the FLSA to protect workers from "substandard wages and excessive hours" that resulted from unequal bargaining power between employers and employees. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To that end, the statute's provisions

generally cannot be waived or modified by contract or settlement. *See id*. at 707. Settlement "is not entirely forbidden in FLSA cases," however, as court-approved agreements are an exception to this rule. *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476 (D. Md. 2010); *see also* 29 U.S.C. § 216(b). But such settlements must "reflect[] a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, DKC–12–cv–1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Fourth Circuit has not established a definitive rubric for determining the propriety of an FLSA settlement, but district courts in this circuit have adopted the considerations set forth in the Eleventh Circuit's *Lynn's Food Stores* case. *See*, *e.g.*, *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407-08 (D. Md. 2014). Under this approach, the Court determines whether a settlement provides "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355.

Courts first confirm that there are FLSA issues "actually in dispute," *id.* at 1354, by reviewing the pleadings and "the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F. Supp. 3d at 408 (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08–1310, 2009 WL 3094955, at *16-17 (E.D. Va. Sept. 28, 2009)). Next, courts assess the fairness and reasonableness of a settlement itself, which involves considering all relevant factors, including:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff[]; (5) the opinions of class counsel . . . ; and (6) the probability of plaintiff['s] success on the merits and the amount of the settlement in relation to the potential recovery.

*Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (quoting *Lomascolo*, 2009 WL 3094955, at *10). These factors are usually satisfied if there is an "assurance of an adversarial context," and the employee is "represented by an attorney who can protect [his or her] rights under the statute." *Duprey*, 30 F. Supp. 3d at 408 (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

### A. Bona Fide Dispute

The parties assert in their joint motion that there is a *bona fide* dispute between them. *See* Jt. Mot. 2 at 6. Plaintiff contends that Defendants willfully maintained a policy of withholding earned pay from hourly employees, refused to pay time and a half for overtime hours, and deducted a "tip credit" against Defendants' minimum wage obligations without informing her. *See* Compl. ¶¶ 48-65. Defendants deny all the allegations of unlawful conduct. *See e.g.*, ECF No. 8 ¶¶ 48-66. And both parties acknowledge "[t]he success and viability of these claims . . . rest[] on the competing testimony of Plaintiff and Defendants and the credibility determinations of a jury." Jt. Mot. at 6. Liability disagreements turning on the hours an employee has worked can be enough to establish a *bona fide* dispute. *See*, *e.g.*, *Fernandez v. Washington Hospitality Services, LLC*, No. 23-cv-839-AAQ, 2023 WL 4627422, at *2 (D. Md. Jul. 19, 2023) ("Disagreements over rates of pay and hours worked can constitute *bona fide* disputes over a defendant's liability."); *see also Duprey*, 30 F. Supp. 3d at 408 (finding *bona fide* dispute based on litigants' disagreement over plaintiff's "rate of pay and hours worked"). Given Defendants' denial of the allegations and the parties' overall disagreement, there is a *bona fide* dispute under the FLSA.

### B. Fairness and Reasonableness

The Court is also satisfied that the parties' proposed settlement represents a fair and reasonable compromise of their *bona fide* dispute. There is no evidence that the Agreement is the

4

product of fraud or collusion. *See Lomascolo*, 2009 WL 3094955, at *12 ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."). The parties agree that termination of the proceedings is in their mutual interest, as they wish to avoid the time, expense, and risk of continuing this action. These grounds for settlement are reasonable, and weigh in favor of approval. *See Saman*, 2013 WL 2949047, at *4 (finding settlement fair and reasonable based in part on the litigants' desire "to avoid the costs of formal discovery, dispositive motions, and a possible trial"). Plaintiffs are represented by competent counsel, whose combined legal experience totals more than three decades. *See* Jt. Mot. at 9. Both sides vigorously dispute what Defendants' potential liability (if any) will be should the case proceed, and the parties both assert their satisfaction with the settlement amount, distribution method, and disbursement schedule as provided in the Agreement. *Id*. The Court is convinced that the settlement amount "reflects a reasonable compromise over issues actually in dispute." *Lomascolo*, 2009 WL 3094955, at *8.

General release language can render an FLSA settlement agreement unreasonable. *See Duprey*, 30 F. Supp. 3d at 410 (citing *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010)). But where, as here, the "employee is compensated reasonably for the release executed, the settlement can be accepted" and the Court need not consider the "reasonableness of the settlement as to the non-FLSA claims." *Id*.

Having considered the relevant factors, the Court finds the settlement to be fair and reasonable.

### C. Attorneys' Fees

The reasonableness of the attorneys' fees and costs awarded in connection with the settlement must also be evaluated. *See Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346,

348 (D. Md. 2012). The Court determines the reasonableness of attorneys' fees using "the principles of the traditional lodestar method as a guide." *Lane*, 2011 WL 3880427, at *3 (quoting *Poulin v. General Dynamics Shared Resources, Inc.*, No. 3:09–cv–00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010)). The lodestar amount is determined by multiplying the number of hours reasonably expended by counsel's hourly rate, if reasonable. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). Under the lodestar approach, an hourly rate "is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F. Supp. 3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This Court maintains rough guidelines regarding appropriate hourly rates in Appendix B to its Local Rules. *See* U.S. Dist. Ct., D. Md., Local Rules (D. Md. Jul. 2023).

The Fourth Circuit addressed specific factors district courts should consider in determining the reasonableness of attorneys' fees in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28.

Plaintiffs' counsel, Howard Hoffman, a member of the bar since 1999, and his co-counsel, Jordan Liew, who has practiced law since 2016, represent that they have collectively

spent approximately 48 hours litigating this case, for a lodestar amount totaling over $17,000, ECF No. 22-2 ¶ 8, comprised as follows:

| Attorney | Hours | Standard rate | Total lodestar |
|---|---|---|---|
| Howard Hoffman | 15.8 hours | $475 | $7,505.00 |
| Jordan Liew | 31.7 hours | $300 | $9,510.00 |
| | | Total | $17,015.00 |

In support of these hours, counsel has submitted a sworn declaration and detailed time records, which adequately detail the specific work performed. *See* ECF No. 22-3. There is nothing in these records to indicate needless or unreasonably duplicative work. Thus, the proposed number of hours expended is reasonable. Mr. Hoffman's hourly rate of $475 is within the Appendix B range for attorneys with more than 20 years of experience. The guideline rate for lawyers admitted to the bar for five to eight years is $165 to $300 to per hour. Thus, the proposed hourly rate of Mr. Liew is likewise presumptively reasonable.

Counsel also incurred $1,804.86 in costs and expenses. *See* ECF No. 22-4. These expenses, which are mostly related to depositions and clerical costs, are both reasonable and typical. *See Trs. of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Westland Fire Prot., Inc.*, No. 12-cv-1421-DKC, 2014 WL 824121, at *3 (D. Md. Feb. 28, 2014) ("Costs that may be charged include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'") (quoting *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988)).

Although the legal fees and cost are almost $19,000, the parties have agreed to pay Plaintiffs' counsel $17,000 as full settlement of those expenses. Agreement ¶ 2(A). Given the work counsel claims to have performed and the reduction in fees that they appear to be now accepting, the Court finds the attorneys' fees are fair and reasonable.

Having considered the relevant factors, the Court concludes the standard for approval of the settlement is satisfied. The proposed settlement is a fair and reasonable resolution of a *bona fide* dispute, and the attorneys' fees and costs are fair and reasonable. The settlement will be approved, and the requested fees will be awarded in full.

The Court also observes that a class has not been certified under Rule 23. Accordingly, the notice and approval requirements for settlement of claims "of a certified class," Fed. R. Civ. P. 23(e), do not apply.

### D.  Retention of Jurisdiction

The Court lastly turns to the parties' request that the Court "have continuing jurisdiction to enforce the terms of this Agreement, resolve any disputes arising out of the Agreement, and supervise all payments by the Defendants of all consideration to Plaintiff and Plaintiff's counsel." Agreement ¶ 11. This provision is acceptable. Defendants have agreed to issue payment within ten days of settlement approval, and the parties have agreed to file a joint notice of stipulated dismissal with prejudice within fifteen days of that payment. *See* Agreement ¶¶ 2, 12. In other words, the parties anticipate seeking dismissal with prejudice within twenty-five days of settlement approval. The parties' request is a reasonable safeguard to a smooth resolution of the action and promotes judicial economy. This provision of the Agreement will therefore be approved. *See, e.g.*, *Hernandez v. Microfit Auto Parts, Inc.*, No. 19-cv-0984-TDC, 2021 WL 1311579, at *5 (D. Md. Apr. 8, 2021) (approving an FLSA settlement agreement containing a continuing jurisdiction provision).

## CONCLUSION AND ORDER

For the reasons stated above, it is hereby ORDERED that:

(1) the parties' joint motion for final approval of the settlement (ECF No. 22) is GRANTED;

(2) the parties' settlement agreement is APPROVED as fair and reasonable;

(3) Plaintiff's putative Rule 23 class action claims are DISMISSED WITH PREJUDICE;

(4) the Parties shall comply with their respective obligations under the Settlement Agreement, including but not limited to Defendants' obligation to timely make all payments as required under the Settlement Agreement, and to issue to Plaintiffs IRS Forms W-2 and 1099 consistent with the terms of the Settlement Agreement;

(5) the Court will retain jurisdiction over this case until all payments to Plaintiff are made pursuant to the Settlement Agreement;

(6) within fifteen (15) days after all payments have been made to Plaintiff and Plaintiff's counsel by Defendants, the Parties shall file a Joint Stipulation of Dismissal, dismissing Plaintiff's claims against the Defendants in this lawsuit, subject to reopening to enforce the Settlement Agreement;

(7) Plaintiff's counsel shall promptly advise the Court after all payments have been received by the Plaintiffs, and upon such time, all claims asserted by Plaintiffs, shall be DISMISSED with prejudice; and

(8) The Clerk is directed to CLOSE this case.

Date: July 31, 2024

/s/
_____
Adam B. Abelson
United States Magistrate Judge